UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

MARLENE MORGAN,                      )
                                     )
    Plaintiff,               )
v.                                   )    Case No. 6:13-cv-00067-JMH
                                     )
CAROLYN W. COLVIN,                   )
Commissioner of Social               )    **MEMORANDUM OPINION & ORDER**
Security                             )
                                     )
    Defendant                )
                                     )

\*\*\*

This matter is before the Court upon cross-motions for summary judgment [DE 10, 13] on Plaintiff's appeal, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her application for disability insurance benefits. The Court, having reviewed the record and the parties' motions, will deny Plaintiff's motion and grant Defendant's motion.

**I.  OVERVIEW OF THE PROCESS AND THE FACTUAL AND PROCEDURAL BACKGROUND IN THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), conducts a five-step analysis to determine disability:

> 1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2.  An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

1

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id*.

Plaintiff was forty-six years old on the alleged onset date. [Tr. 21]. She has a high school education and past work experience as a clerk at Wal-Mart. *Id*. Plaintiff filed a Title II application for a period of disability and disability insurance benefits on June 5, 2009, alleging disability as of

April 26, 2009 [Tr. 14]. The claim was denied initially on September 3, 2009, as well as upon reconsideration on December 10, 2009 [TR. 58-61, 65-67]. Plaintiff requested a hearing with the ALJ, which took place on May 17, 2011. [Tr. 26-48] The ALJ issued an unfavorable decision denying disability on June 17, 2011. [Tr. 14-22].

In the instant matter, the ALJ evaluated Plaintiff's claim using the five-step analysis. The ALJ first found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date. [Tr. 16]. Under the second step, the ALJ found that the Plaintiff had the following severe impairments: polyneuropathy of the upper and lower extremities per EMG testing, chronic neck and low back pain secondary to degenerative disc disease of the cervical and lumbar spine with disc bulges at multiple levels in the cervical spine and hypertrophic facet changes of the cervical and lumbar spine, bilateral SI joint sclerosis, and hypertension. [Tr. 16].

During step three of the analysis, the ALJ considered Plaintiff's impairments and decided that she did not have an impairment or combination of impairments that meets the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 19]. After careful consideration of the entire record, the ALJ found at step four that Plaintiff had the residual functional capacity

("RFC") to perform a limited range of light and sedentary work as defined in 20 C.F.R. 404.1567(b) but was unable to perform any past relevant work as a Wal-Mart clerk. In addition, the ALJ disregarded the opinion of Dr. James Chaney, Plaintiff's treating physician, that she is disabled. In step five, the ALJ considered Plaintiff's age, education, work experience, RFC, and the testimony of a vocational expert and determined that jobs exist in significant numbers in the national economy which Plaintiff could perform, such as bench work, cashier or sales work, and/or clerical work. [Tr. 21-22]. As a result, the ALJ determined that Plaintiff is not disabled under the Social Security Act. [Tr. 22].

In evaluating the Plaintiff's claims, the ALJ had the benefit of the treatment records of Dr. Chaney, Plaintiff's treating physician, the report of Dr. Ballard Wright, who performed a consultative evaluation of Plaintiff at Dr. Chaney's request, the opinion of Christopher Rymond, a vocational expert, the internal medicine examination report of Dr. Barry Burchett, and a physical RFC assessment by Dr. P. Saranga, a state agency physician. [Tr. 17-18, 20, 22, 221-227, 309-316].

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence of record. Specifically, Plaintiff asserts that the ALJ did not afford appropriate weight

4

to the opinion of Dr. Chaney and that he did not give adequate reasoning for discounting his medical opinion. Plaintiff also argues that the ALJ failed to consider her impairments in combination in finding that she did not have an impairment that met or equals one of the listed impairments. The Court has considered the Plaintiff and Commissioner's arguments and the administrative record and, for the reasons stated below, affirms the Commissioner's decision.

## II.   STANDARD OF REVIEW

Judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). This Court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Id*.

## III. ANALYSIS

### A.

Plaintiff first argues that the ALJ did not give appropriate weight to the opinion of Dr. Chaney. This Court does not find this argument persuasive, as the ALJ properly discounted Dr. Chaney's opinion of disability.

The ALJ may grant controlling weight to the opinion of a treating physician if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)(citing 20 C.F.R. § 404.1527(d)(2)). However, the ALJ is not bound by the treating physician's opinion and may reject it for good reason. *Id*.

The ALJ recognized Dr. Chaney as a treating physician. [T.R. 16-17]. Although Dr. Chaney considered Plaintiff to be disabled, the ALJ ultimately has the responsibility of determining whether a claimant meets the statutory definition of disabled. *Warner*, 375 F.3d at 390 (citing *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). Disregarding Dr. Chaney's opinion that Plaintiff was disabled, the ALJ reasoned that "magnetic resonance imageries, electromyogram/nerve conduction study, and physical examinations do not show any objective basis for such a

restrictive residual functional capacity." [T.R. 20]. Indeed, Dr. Burchett's August 2009 report indicated that Plaintiff ambulated with a normal gait, did not require the use of a handheld assistive device, and appeared stable at station and comfortable in the supine and sitting positions. Dr. Burchett also reported that Plaintiff's straight leg test was negative, her range of motion of the spine was normal, deep tendon reflexes were normal and symmetrical, and light touch sensation seemed to be intact. [T.R. 223-224]. In addition, Dr. Saranga determined in an RFC assessment that Plaintiff was not disabled, making his opinion contrary to Dr. Chaney's as well.

However, in discounting a treating physician's opinion, an ALJ must apply certain factors, such as

> the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source.

*Wilson*, 373 F.3d at 544 (citing 20 C.F.R. § 404.1527(d)(2)). While the ALJ in the instant matter did not offer an analysis of each of these factors, the fact that he gave sufficient reasons for not granting Dr. Chaney's opinion controlling weight meets the goal of 20 C.F.R. § 404.1527(d)(2) and does not warrant reversal. *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 462 (6th Cir. 2005) (citing *Wilson*, 378 F.3d at 547); *see also*

*Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462 (6th Cir. 2006)(holding that ALJ's analysis met goal of regulation requiring ALJ to provide good reasons for failure to give controlling weight to treating sources' opinions, and thus, ALJ's failure to specify weight he gave treating sources' opinions was harmless error). The record reflects that Dr. Chaney's opinion was inconsistent with other substantial evidence in the record, and the ALJ gave good reason for not granting it controlling weight.

**B.**

Plaintiff's second argument is that the ALJ failed to consider the combined effect of Plaintiff's impairments. The ALJ must consider the combined effect of a claimant's impairments without regard to whether any single impairment, if considered separately, would be of sufficient severity to render a claimant disabled. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1071 (6th Cir. 1992) (citing 20 C.F.R. § 404.1523). Despite Plaintiff's argument to the contrary, in the third finding of fact the ALJ acknowledged Plaintiff's "severe impairments," and in the fourth finding of fact stated that "[t]he claimant does not have an impairment or *combination of impairments* that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [T.R.

16, 19] (emphasis added). In his fifth finding the ALJ stated also that he considered "all symptoms" and referenced Plaintiff's "symptoms" (plural) several times. [T.R. 19-20]. Finally, the ALJ's "discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990)(citing *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)). As a result, the Court finds that the ALJ properly considered Plaintiff's impairments singly and in combination.

## C.

Plaintiff's final argument is that a reasonable person could not conclude and justify that she is not disabled in light of the substantial limitations assigned by her treating physician and the evidence of the record. The Court finds that this argument lacks merit as well.

The ALJ found at step four of his analysis that Plaintiff could no longer perform any past relevant work. [T.R. 20] At step five though, the ALJ considered Plaintiff's age, education, work experience, and RFC, and determined that jobs exist in significant numbers in the national economy that Plaintiff could

perform. [T.R. 21]. This determination was aided by the testimony of Christopher Rymond, a vocational expert. The ALJ posed a series of hypothetical questions that took all of the limitations he identified in his assessment of Plaintiff's RFC into consideration. Given these factors, Rymond identified a series of occupations that the Plaintiff could perform, such as bench work, cashier and sales work, and clerical work. [T.R. 44-47]. As a result, the vocational expert provided substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled.

As a final matter, Plaintiff contends that her testimony was ignored. The ALJ found that the allegations "are not fully credible," and that "at hearing, claimant did not appear in any outward distress and responded appropriately to questions without any indication of distraction due to any cause." [T.R. 20]. As stated above, the Court does not resolve matters of credibility, *Cutlip*, 25 F.3d at 286, and the Court will consider this argument no further.

In conclusion, the objective evidence in this case did not establish the Plaintiff is disabled within the meaning of the Social Security Act, and substantial evidence supports the ALJ's decision.

**IV. CONCLUSION**

For all of the reasons stated above, the Court concludes that Summary Judgment in favor of Defendant is warranted. Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED;** and

(2) that Defendant's Motion for Summary Judgment [DE 13] is **GRANTED.**

This the 26th day of November, 2013.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge